THOS. M. BURFORD'S ADMR. *v.* NAT. GAITHER, &C.

APPEAL FROM MERCER CIRCUIT COURT.

March 4, 1872.

**Landlord and Tenant—Lien for Rent—Seizure and Sale of Tenant's Property by Stranger.**

The rights of a landlord whose lien is in full force, and who has not resorted to his legal remedies to enforce the collection of his rent, cannot be jeopardized by the seizure and sale of the tenant's property under execution.

OPINION OF THE COURT BY JUDGE LINDSAY:

In the case of *Watts v. Cook, etc.,* the landlord's lien had been perfected, by an actual levy of attachments and distress warrants before the execution creditors caused the sheriff to seize and sell the property.

The levy of these distress warrants and attachments took the property out of the possession of the tenant and placed it either actually or constructively in that of the officers who made the levies.

The sheriff could not possess himself of such property, so as to levy the executions in favor of Cook and Grief, without the commission of a trespass. Against the consequences of this trespass the execution creditors indemnified him, and the action was therefore correctly brought on the bond of indemnity.

In this case no attachment or distress warrant had been levied or even sued out.

Appellant's rights grew out of the laws relating to landlord and tenants, and not out of an actual levy under a writ issued from a court of competent jurisdiction. He must therefore assert his rights in the manner prescribed by such statutes.

In the case of Watts this court held that bonds of indemnity inure to the benefit of "all legal or equitable claimants whose rights might otherwise be jeopardized by the wrongful seizure or sale of property under execution."

The rights of a landlord whose lien is in full force, and who has not resorted to his legal remedies to enforce the collection of his rent, cannot be jeopardized by the seizure and sale of the tenant's property under execution, so long as the 20th section of Act 2, Chap. 56, R. S., remains in full force.

The opinion in this case is perfectly consistent with the doctrine announced in II Bush.

The petition for a rehearing must be overruled.

*Polk & Bro., for appellant.*

*Gaither, for appellee.*